*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY HUBBARD,

            Plaintiff-Appellee,

v

LISA STIER, N.P., AND MUNSON
HEALTHCARE OTSEGO MEMORIAL
HOSPITAL, also known as MUNSON
HEALTHCARE OMH MEDICAL GROUP-
LEWISTON,

            Defendants-Appellants.

FOR PUBLICATION
March 2, 2023
9:10 a.m.

No.   357791
Montmorency Circuit Court
LC No.   20-004809-NH

Before:  SHAPIRO, P.J., and GADOLA and YATES, JJ.

GADOLA, J.

Defendants, Lisa Stier, N.P., and Munson Healthcare Otsego Memorial Hospital, also known as Munson Healthcare OMH Medical Group-Lewiston ("Munson"), appeal by leave granted the trial court's order denying their motion for summary disposition of plaintiff Stacy Hubbard's complaint.  We reverse and remand for entry of an order granting defendants summary disposition.

## I. FACTS

This case involves a claim of medical malpractice.  Plaintiff alleges that on February 17, 2018, she went to Munson for medical treatment.  At Munson, she allegedly told Stier that she had been experiencing chest congestion and coughing for about one week, and also reported her history of diabetes and chronic obstructive pulmonary disease (COPD).  According to plaintiff, Stier diagnosed her with an "acute infective exacerbation of" her COPD, she was given a prescription for Zithromax, and she was told to go to an emergency room if her symptoms did not improve or worsened.

On February 21, 2018, plaintiff went to the emergency room at Grayling Hospital where she was diagnosed with pneumonia and admitted.  Plaintiff alleges that she then developed "acute

-1-

hypoxic respiratory failure with sepsis secondary to community acquired pneumonia" and exacerbation of her COPD. She was moved into the hospital's intensive care unit and was intubated and sedated until she was transferred to McLaren Northern Michigan Hospital on March 5, 2018, because of a "change in her mental status, possible stroke . . . , and prolonged intubation." She was transferred to MediLodge on March 22, 2018, and then released to home care on April 13, 2018. Plaintiff alleges that she continues to have significant physical and emotional effects resulting from respiratory failure, sepsis, and aggravation of her COPD.

On February 13, 2020, plaintiff sent a notice of intent (NOI) to Stier and Munson indicating her intent to file a medical malpractice action against defendants. Plaintiff thereafter filed her lawsuit against defendants on November 3, 2020. Defendants moved for summary disposition under MCR 2.116(C)(7), asserting that plaintiff's lawsuit is barred by the statute of limitations. Defendants argued that the two-year statute of limitations would have expired on February 17, 2020, but that plaintiff's submission of the NOI on February 13, 2020, four days before the statute of limitations ran, tolled the running of the statute for 182 days. They argued that the 182-tolling period expired on August 13, 2020, and the statute of limitations expired four days later, meaning that plaintiff had until August 17, 2020, to file her lawsuit; because plaintiff did not file her lawsuit until November 3, 2020, the statute of limitations barred the action.

Plaintiff contended that pursuant to certain administrative and executive tolling orders entered in response to the COVID-19 pandemic, her lawsuit was timely filed. The circuit court agreed and denied defendants' motion for summary disposition. This Court granted defendants leave to appeal.[1]

## II. DISCUSSION

Defendants contend that plaintiff's claim is barred by the statute of limitations applicable to a medical malpractice action. Resolving that question requires that we determine whether certain Administrative Orders (AOs) issued by our Supreme Court in response to the COVID-19 pandemic served to toll the otherwise applicable deadline for the filing of plaintiff's claim. We conclude that under the specific facts of this case, which involves plaintiff's submission of a NOI to sue shortly before the effective date of AO 2020-3, plaintiff's claim was not timely filed.

We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). When determining a motion under MCR 2.116(C)(7), we consider any affidavits, depositions, admissions, or other documentary evidence submitted, and accept the allegations of the complaint as true unless contradicted by the documentation submitted by the moving party. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020). When there is no factual dispute, and reasonable minds could not disagree regarding the legal effect of the facts, whether a claim is barred by the statute of limitations or other basis set forth in MCR 2.116(C)(7) is a question of law for the court to decide. *Id*.

---

[1] *Stacy Hubbard v Lisa Stier, NP*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 357791).

A medical malpractice action is time-barred if not commenced within the statutory time limits. MCL 600.5838a(2). The limitations period for filing an action alleging a claim for medical malpractice is two years from the date of the accrual of the claim. MCL 600.5805(8); *Haksluoto v Mt. Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017). In this case, the parties do not dispute that plaintiff's claim for medical malpractice accrued February 17, 2018, and that the two-year period of limitations ordinarily would have expired February 17, 2020.

Under the Revised Judicature Act, MCL 600.101 *et seq*., before a plaintiff files a medical malpractice action, the plaintiff must provide the prospective defendant at least 182 days' notice. MCL 600.2912b(1); *Haksluoto*, 500 Mich at 307. When a plaintiff submits a NOI before the expiration of the limitations period, and the limitations period otherwise would expire during the 182-day notice period, the statute of limitations is tolled during the 182-day notice period. *Id*. Here, the parties do not dispute that plaintiff sent her NOI to Stier and Munson on February 13, 2020, leaving August 17, 2020, under normal circumstances, as the final date for filing her lawsuit (182 days plus the four days left in the limitations period). Plaintiff, however, filed her lawsuit November 3, 2020.[2]

On March 10, 2020, in response to the outbreak of COVID-19, Governor Whitmer issued Executive Order No. 2020-4, declaring a state of emergency. On March 23, 2020, the Michigan Supreme Court entered Administrative Order No. 2020-3, 505 Mich cxxvii, which originally stated:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate

---

[2] By contrast, in *Linstrom v Trinity Health-Michigan*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 358487), the plaintiff sent her NOI to the defendants on March 13, 2020, with 66 days remaining before the expiration of the limitations period on May 15, 2020. After the 182-day waiting period, she initiated her medical malpractice action against the defendants on November 25, 2020. This Court concluded that the plaintiff had timely filed her complaint because under the Supreme Court's administrative orders, the plaintiff had the same number of days (66) remaining before the expiration of the limitations period on June 20, 2020 as she did when the emergency began on March 10, 2020. *Id*. at ___; slip op at 6.

attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.

On May 1, 2020, our Supreme Court amended AO 2020-3 by changing the fourth paragraph to add the following underlined language:

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [Amended AO-2020-3, 505 Mich cxliv, cxlv.]

On June 12, 2020, the Supreme Court entered Administrative Order No. 2020-18, 505 Mich clviii, which states:

In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil and probate case types under MCR 1.108(1). Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020.

Whether the statute of limitations bars plaintiff's claim in this case hinges on the plain meaning of AO 2020-3, as amended, and AO 2020-18. We observe that the same legal principles that govern the interpretation of statutes also govern the interpretation of court rules. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017). Because our Supreme Court promulgates both court rules and its administrative orders, similar rules of construction should apply. *Armijo v Bronson Methodist Hosp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358728); slip op at 7. By extension of the same principles of construction applied to statutes and court rules, we read an administrative order as a whole, reading the individual words and phrases in context, giving effect to every word and phrase, and avoiding an interpretation that would render any part

surplusage or nugatory. See *Comer*, 500 Mich at 287. The overriding goal of judicial interpretation of a statute or a court rule, and by extension an administrative order, is to give effect to the intent of the drafters. See *Detroit Media Group, LLC v Detroit Bd of Zoning Appeals*, 339 Mich App 38, 51; 981 NW2d 88 (2021). When the language is unambiguous, we enforce the language as written, see *id.*, and we do not speculate about the intent of the Supreme Court beyond the words employed by the Court in an administrative order. See *Lyle Schmidt Farms, LLC v Mendon Twp*, 315 Mich App 824, 833; 891 NW2d 43 (2016) (discussing statutory construction).

Administrative Order 2020-3, as amended, purported to toll certain filing "deadlines" in response to the COVID-19 pandemic, providing that days during the state of emergency declared by the Governor[3] were not to be counted when computing deadlines. See *Carter v DTN Mgt Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360772); slip op at 3. Critical to our inquiry is what AO 2020-3 tolled and, equally important, what it did not toll. This case resolves itself on the basis of a few key phrases in the two Administrative Orders at issue. First, AO 2020-3 states that it applies to "all deadlines applicable to the commencement of all civil and probate case types, including . . . the deadline for the initial filing of a pleading under MCR 2.110 . . . and any statutory prerequisites to the filing of such a pleading or motion . . . " It then states that for all such deadlines, "any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1)."[4]

On May 1, 2020, the Supreme Court amended AO 2020-3 to add the following underlined language: "This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding." Not surprisingly, plaintiff emphasizes and relies upon the order's original language that it tolls "any statutory prerequisites to the filing of such a pleading or motion . . . ," arguing that this language tolled the counting of the 182-day NOI waiting period, which plaintiff argues is a statutory prerequisite to the filing of her medical malpractice complaint. By contrast, defendants rely upon the amendatory language, which unambiguously states that the order does not suspend or toll "*any time period that must elapse before the*

---

[3] Executive Order No. 2020-4.

[4] MCR 1.108 provides in part as follows regarding the computation of time periods:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

*commencement of an action or proceeding*" (emphasis added). At first glance, the language the parties rely upon appears to be diametrically opposed and inconsistent. We are charged, however, with attempting to harmonize this language with a view toward giving full effect to every word and phrase in AO 2020-3.

It seems inarguable that the amendatory language of AO 2020-3 applies in this case. Plaintiff submitted her notice of intent to file suit before the effective date of AO 2020-3. MCL 600.2912b(1) requires the filing of an NOI and clearly imposes a "time period that must elapse before the commencement of an action or proceeding," namely, the 182-day waiting period that must elapse from the time the NOI is submitted before a plaintiff may file suit. How then can this language be squared with the seemingly equally clear statement in the original order that it tolls "any statutory prerequisites to the filing of such a pleading," which plaintiff contends applies to the NOI waiting period applicable to her claims of medical malpractice? A careful consideration of this language resolves this apparent tension.

Undoubtedly the medical malpractice NOI is a statutory prerequisite to the filing of a medical malpractice complaint. The statute requires a prospective plaintiff to notify a prospective defendant in a medical malpractice action of the plaintiff's intent to file suit "not less than 182 days before the action is commenced." MCL 600.2912b(1); *Haksluoto*, 500 Mich at 307. This provision does *not* require that notice be given within a certain time period following accrual of the cause of action; rather, the 182 days is a waiting period that must elapse before one may file suit. The statute does not impose a deadline[5] by which such a notice must be filed. Instead, the mandatory NOI provision sets a clock ticking, not unlike a kitchen timer, that must elapse before litigation may be commenced. Similarly, the 182-day notice period itself does not establish a deadline. The actual "deadline" for filing suit in a medical malpractice action is the expiration of the 2-year statute of limitations. Depending upon when the notice of intent is submitted, the "deadline" for filing suit may be days, weeks, or months following the expiration of the NOI waiting period.

By contrast, certain statutory pre-suit notice provisions establish deadlines by requiring that notice be submitted to a potential defendant within a certain number of days following the alleged injury. For example, the Court of Claims Act provides, "[A] claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments . . . ." MCL 600.6431(1). The Governmental Tort Liability Act (GTLA) requires that as a condition of any recovery for injuries allegedly sustained as a result of a defective highway, "the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect." MCL 691.1404(1). The GTLA also provides, with respect to the public building exception to governmental immunity, "[a]s a condition to any recovery for injuries sustained by

---

[5] See *Wenkel v Farm Bureau Gen Ins Co of Michigan*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358526); slip op at 4 (holding that AO-2023, as amended, does not apply to the one-year-back rule under Michigan's no-fault act, MCL 500.3145(2), because that rule is not a "deadline [] applicable to the commencement" of a complaint.

reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect." MCL 691.1406. Similarly, the Metropolitan Transportation Authorities Act provides that "written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . ." MCL 124.419. Each of these pre-suit notice requirements establishes a *deadline* by which notice must be given. By contrast, the medical malpractice NOI provision does not establish a deadline, but rather commences a 182-day waiting period. AO 2020-3, by its terms, applies to deadlines, which the NOI provision decidedly is not. Instead, the tolling language upon which plaintiff relies was intended, most logically, to toll the operation of pre-suit notice deadlines such as those referenced above.

By amending AO 2020-3, our Supreme Court clarified that the administrative order *does not* "suspend or toll any time period that must elapse before the commencement of an action or proceeding." The amended language clearly applies to the NOI waiting period, see *Armijo*, ___ Mich App at ___; slip op at 7 (the 182-day notice period was not suspended by Amended Administrative Order No. 2020-3), and perhaps applies only to the NOI waiting period. What the amended language clearly does not cover are pre-suit notice requirements, which establish deadlines by which notice must be given. The NOI waiting period was explicitly excluded from AO 2020-3's tolling when the Supreme Court amended the order.

Here, plaintiff had 4 days in which to file suit following the conclusion of the mandatory NOI waiting period at the point AO 2020-3 took effect. AO 2020-18, which rescinded AO 2020-3, provides that "[f]or time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020." In this case, plaintiff had 4 days following expiration of the mandatory NOI waiting period, which the amended version of AO 2020-3 explicitly did not toll, to file her claim before the expiration of the limitations period under the statute of limitations.[6] Because plaintiff did not file her claim until after the expiration of the limitations period, the trial court erred by failing to grant defendants summary disposition under MCR 2.116(C)(7).

Having resolved this case on the basis of the foregoing analysis, we decline to address defendants' other claims of error. Reversed and remanded for entry of an order granting defendants summary disposition. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[6] As in *Armijo*, and unlike *Linstrom*, in this case the statute of limitation was set to expire before the emergency was declared and before the emergency-related orders went into effect. See *Linstrom*, ___ Mich App at ___; slip op at 9.